UNITED STATES COURT OF APPEALS

**Filed 4/25/96**

TENTH CIRCUIT

NELSON JOE MARTINEZ,                      )
                                          )
    Petitioner-Appellant,             )
                                          )
vs.                                       )    No. 95-1506
                                          ) (D. C. No. 95-B-1979)
ROBERT FURLONG; ATTORNEY                  )        (D. Colo.)
GENERAL FOR STATE OF COLORADO,            )
                                          )
    Respondents-Appellees.            )

ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and BRISCOE.[**]

Petitioner Nelson Joe Martinez, appearing pro se, petitioned for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254 in the district court. The district court dismissed the

petition and denied Petitioner a certificate of probable cause for leave to proceed on

appeal. This matter is before the court on Petitioner's application for a certificate of

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument.

probable cause and motion for leave to proceed on appeal in forma pauperis.

A petitioner convicted of a state crime may appeal a federal district court's denial of habeas corpus relief only if the district court or the court of appeals grants a certificate of probable cause. See 28 U.S.C. § 2253; Fed. R. App. P. 22(b). In Barefoot v. Estelle, 463 U.S. 880, 892-93 (1983), the Supreme Court declared that the "primary means of separating meritorious from frivolous [habeas corpus] appeals should be the decision to grant or withhold a certificate of probable cause." We will not grant such a certificate unless Petitioner makes "a substantial showing of the denial of an important federal right by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings." Gallagher v. Hannigan, 24 F.3d 68, 68 (10th Cir.1994) (citing Barefoot, 463 U.S. at 893 & n. 4).

Petitioner was convicted in 1989 of first degree murder and is serving life imprisonment in the Colorado Department of Corrections. Petitioner argues that his state-court conviction is void because: (1) "the police conducted an illegal search and seizure in violation of the Fourth and Fourteenth Amendments," and (2) he "was denied a fair trial based upon the illegally obtained evidence in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments." Petitioner essentially alleges that state authorities obtained evidence against him in violation of the Fourth Amendment.

We conclude that Petitioner has failed to make the substantial showing of the

2

denial of an important federal right necessary for the issuance of a certificate of probable cause under 28 U.S.C. § 2253.  See Barefoot, 463 U.S. at 893.  A state prisoner is not entitled to federal habeas corpus relief on Fourth Amendment search and seizure grounds where the state has provided an opportunity for full and fair litigation of the claim.  Stone v. Powell, 428 U.S. 465, 481-82 (1976); Miranda v. Cooper, 967 F.2d 392, 401 (10th Cir. 1992).  Here, Petitioner was afforded the full and fair opportunity in state court to contest the search and seizure of the evidence against him under the Fourth Amendment.  Thus, Petitioner's petition for a writ of habeas corpus fails to present claims suitable for § 2254 federal habeas corpus relief.  Stone, 428 U.S. at 481-82.  Additionally, because Petitioner has failed to advance a rational argument on the law and facts in support of the issue raised on appeal, we decline to grant him leave to proceed on appeal in forma pauperis. See Coppedge v. United States, 369 U.S. 438, 448 (1962); 28 U.S.C. § 1915. Accordingly, we DENY Petitioner's application for a certificate of probable cause and motion for  leave to proceed in forma pauperis, and DISMISS the appeal.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

3